EJECTMENT.                    **Wall** *vs* **Hill's heirs.**

*Case* 91.                    ERROR TO THE GARRARD CIRCUIT.

*Unsound mind. Equity jurisdiction. Inquisition of lunacy. Evidence. Right of entry. Estoppel.*

*May* 17.    CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

The case stated.    WILLIAM WALL seeks the reversal of a judgment of eviction, rendered against him in an action of ejectment by the heirs of *John Hill,* deceased, who in his lifetime, to-wit: in the year 1834, had conveyed the land in contest to *Robert Burnsides,* under whom *Wall* holds. The only ground for claiming the right of entry, asserted by *Hill's* heirs since his death, which occurred in the year 1839, was his alleged incapacity to make a binding conveyance at the date of the deed to *Burnsides,* and which they attempted to sustain, and did establish successfully, in the opinion of the jury, by an inquisition in 1838, finding that he was then and had been from 1822, "of *unsound mind,*" and "incapable of managing his own affairs with ordinary prudence," and by the concurrent testimony also of sundry witnesses examined on the trial.

The heirs of one who conveys land whilst laboring under legal incapacity have a right of entry at his death.    Admitting the fact of legal incapacity at the date of the conveyance to *Burnsides,* we have no doubt that *Hill's* heirs had, at his death, a right of entry, and might, therefore, maintain this action upon the refusal of *Wall,* as proved, to surrender the possession to them: *Litt. S. C.* 405; *Co. Litt.* 247, *b.; Booth on Real Actions, p.* 189; *Thompson* vs *Leach, Comberback,* 468.

Courts of Equity have long exercised the power of decreeing the restitution of land conveyed by persons of unsound mind at the instance of their committee, and as nearly as possible placing the parties in sta-    Notwithstanding the erroneous opinion, once prevalent, that a man could not, even in a civil case *ex contractu,* stultify himself, Courts of Equity established the practice of avoiding the contracts of persons of unsound mind, upon bills filed by their committees, after inquisition of unsoundness; and in all such cases the *Chancellor,* acting upon equitable principles according to a sound discretion, would decree only such restitution as

would place the parties as nearly as possible *in statu quo*. But the right of entry by the *heir* was legal and perfect, without any restitution of the consideration paid to the ancestor; and an equitable right to such restitution was not available in an action of ejectment, in which legal rights only are triable.

We are also of the opinion that *Wall*, holding and having entered under a voidable conveyance from *Hill*, is estopped in this action to deny *Hill's* title to the land, and should, upon the election by the heirs to avoid the deed, be deemed a *quasi tenant at will*.

Nor do we doubt that, as decided by the Circuit Judge, the inquisition in this case, though in a great degree *ex parte*, was *prima facie* evidence against *Wall*, and without any superfluous approval thereof by the Court to which it was returned. And we are of the opinion also, that the evidence on the trial preponderated in favor of the verdict.

But nevertheless, it does seem to us that the Circuit Judge went too far when he instructed the jury that before they could find for *Wall* "on the score of *Hill's* "capability to understandingly transact his own business "*with judgment and discretion*, they should be *fully* satis- "fied that the evidence of defendant *outweighs* the said "inquisition and all the other evidence which has been "added by the plaintiff in this case, in regard to the un- "soundness of the mind of the said *John Hill, Sen.*"

"Discretion" and "judgment" are rather too compre- hensive and indeterminate. Indiscretion and defect of judgment may exist without legal incapacity to make a valid contract; and it is not true that the defendant's tes- timony should "*outweigh*" that of the plaintiff. If the evidence be equiponderant, the jury should find for the defendant. Before a plaintiff can be entitled to recover, his evidence of right must "*outweigh*" that of the defen- dant.

As, therefore, this instruction may have been delusive and injurious, we must, on that ground, reverse the judg- ment and remand the case for a new trial.

*Owsley and Turner* for plaintiff: *Bradley* for defendants.

WALL
*vs*
HILL'S HEIRS.

*iu quo*—But right of entry by the heir in such case is *legal* and per- fect and exists without any res- titution of the price paid to the ancestor.—The right to resti- tution of the price is an equi- table right, and cannot be assert- ed in ejectment.

One who enters on land under a conveyance from the ancestor, voidable by rea- son of his inca- pacity, is estop- ped to deny the title of the heir. An inquisition taken by the au- thority of the Chancellor with- out any formal or- der of approval by him on its re- turn is *prima fa- cie* evidence of what it purports to find *in* a suit by the heir for lands conveyed by the ancestor.— It is error in such case to require the jury "to find for plaintiff un- less they believ- ed from the evi- dence, that Hill was capable, understandingly to transact his own business with *judgment and discretion*," the terms are too comprehensive and indetermi- nate. It is error to in- struct the jury that defendant cannot recover *unless his* evi- dence in the case *preponderates*, if the evidence be equipoised de- fendant should succeed.